FREDRICKS *v.* NEAR.

1. Trusts—Surrender of Trust Estate—Acquiescence.
    Trustee may not surrender trust estate without consent or acquiescence of beneficiary.

2. Same—Terminating Trust.
    Where trustee, *cestui que trust,* and settlors were all *sui juris,* they could, by mutual consent, terminate trust and restore *status quo.*

3. Same—Husband and Wife—Action—Contingent Trust Agreement.
    Where husband and wife entered into trust agreement with lumber company, deeding property and executing contingent trust agreement to pay balance of husband's debt for lumber, action could not be maintained by trustee against wife on said contingent agreement after trust agreement had been terminated by conveyance back to them of property conveyed.

---

On trust as irrevocable without consent of beneficiaries, see annotation in 17 L. R. A. 77; 38 A. L. R. 965.

4. SAME—BANKRUPTCY—DISCHARGE IN BANKRUPTCY.
  Nor could there be any judgment in said action against hus-
    band, who had gone through bankruptcy court, where he had
    listed in Federal court lumber company as creditor, and
    pleaded his discharge in bankruptcy.

5. SAME—PARTIES—TERMINATING TRUST—CONTINGENT AGREEMENT.
  Where action was brought by trustee on contingent trust agree-
    ment against husband and wife, substitution of beneficiary
    for trustee as real party in interest would not help plaintiff's
    case, where trust agreement had been terminated, ending lia-
    bility under contingent agreement.

Appeal from Muskegon; Vanderwerp (John), J. Submitted October 12, 1932. (Docket No. 80, Calendar No. 36,789.) Decided December 6, 1932.

Assumpsit by Herman H. Fredricks, trustee, against Grover Near and Blanche Near under an agreement to pay balance of account owed by defendant Grover Near. Directed verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Turner, Engle & Cochran,* for plaintiff.

*Alexis J. Rogoski,* for defendants.

WIEST, J. In 1930, Herman H. Fredricks was president, treasurer, and manager of the Fredricks Lumber Company. Defendant Grover Near was indebted to the lumber company for building material. Defendants are husband and wife, and, as such, in April, 1930, owned, subject to mortgages, lot 8, block 189, city of Muskegon Heights, by the entirety. The lumber company wanted its bill paid or secured. April 3, 1930, defendants, by deed, conveyed the mentioned premises to Herman H. Fredricks, as trustee, and on April 11, 1930, executed an agreement in which they acknowledged "themselves to be

jointly and severally indebted to the Fredricks Lumber Company, a corporation, for lumber and materials furnished at the request of said parties, in the sum of $3,131.20,'' and recited that the deed of April 3d was

''not given nor intended to operate as a mortgage, but * * * intended as an absolute conveyance in a trustee, with power to said trustee to sell and/or otherwise dispose of said property for the benefit of said Fredricks Lumber Company, by applying the revenue received from said property on the above indebtedness, and to reduce the same, and if possible, pay same in full. * * *

''In the event that the proceeds of the sale of said property are not sufficient to pay the entire obligation, aforesaid, of said Fredricks Lumber Company, after the above property has been disposed of, first party hereto, jointly and severally, assume the balance of said obligation.''

April 19, 1930, the trustee made the following written declaration:

''I acknowledge and declare to you that I am possessed of certain realty, being lot 8 of block 189 of Muskegon Heights, Michigan, for your benefit, deeded to me by Grover Near and wife, and to be sold to apply the proceeds against your claim against said Near, and also hold their joint promise to pay the full sum due you providing the proceeds are insufficient to satisfy the claim.''

June 9, 1930, Herman H. Fredricks, trustee, deeded back the property to Mr. and Mrs. Near, and the deed was accepted.

The trustee, by letter to defendants, stated:

''I herewith notify you that I have reconveyed lot 8, block 189, in the city of Muskegon Heights to you this day. * * *

"Since there is no opportunity of selling this property above this indebtedness (mortgages), there is no reason why I should not reconvey this to you as it is of no value to the Fredricks Lumber Company to give you any more than the indebtedness is, therefore, it would not reduce your account with the Fredricks Lumber Company in any way. I sincerely hope that you will be able to dispose of it in some way and realize a little out of it.

"I have recorded the deed from myself to you with the register of deeds, and I am inclosing a certificate from him showing that the deed is at his office at the present time."

October 3, 1930, plaintiff, as trustee, brought this suit against defendants to recover the amount due the Fredricks Lumber Company, basing liability of defendant Blanche Near upon the mentioned agreement of April 11, 1930.

At the time of trial defendant Grover Near was a discharged bankrupt. The court directed a verdict for defendants, holding that the trust agreement ended when plaintiff deeded back the property, and defendant Blanche Near could not be held under the agreement of April 11, 1930, because such agreement was entered into with the understanding and expectation that a sale would be made of the property and the proceeds received by the lumber company would extinguish or materially reduce the debt to the company, and, there being no sale, but a deeding back of the property, the consideration for the agreement failed. The court also found that the money due, if any, was to the Fredricks Lumber Company, and, therefore, the suit was not brought in the name of the real party in interest.

Upon review, plaintiff claims that such trust cannot be terminated by reconveyance of the property

without the consent of the beneficiary; that defendants have waived strict compliance of the trust duties by leaving with the trustee their promise to pay the obligation, and the court was in error in directing a verdict for defendants. Plaintiff also claims to be the real party in interest.

The assumption by Mrs. Near of the obligation of Mr. Near and her agreement to pay the same was expressly coupled with and dependent upon the carrying out of the trust, and was not an unconditional promise to pay.

Defendants created a trust. The trust was accepted. The *cestui que trust* was the Fredricks Lumber Company. The trustee was president, secretary, and manager of the lumber company, and he terminated the trust estate by his reconveyance to defendants, and in doing so gave as his reason that the estate was of no value to the *cestui que trust*.

We recognize the rule that a trustee, without the consent or acquiescence of the beneficiary, cannot surrender the trust estate, but, in the case at bar, the trustee, the *cestui que trust,* and settlors were all *sui juris,* and could, by mutual consent, terminate the trust and restore the *status quo*. If the *cestui que trust* is not satisfied with the action of the trustee, then it should assert breach of trust by the trustee and seek appropriate remedy or ask to have the trust relation and estate restored.

It is apparent, however, that reconveyance by the trustee to defendants was satisfactory to the *cestui que trust,* and thus terminated the trust and all engagements coupled therewith. Therefore, the trustee could not bring an action of assumpsit upon the mentioned agreement against Mrs. Near.

Defendant Grover Near pleaded his discharge in bankruptcy, and, in the Federal court, listed the Fredricks Lumber Company as a creditor. Therefore, there can be no judgment against Grover Near.

Plaintiff moved the circuit court to permit substitution of the Fredricks Lumber Company for Herman H. Fredricks, trustee, as plaintiff. Such substitution would not help, except upon the point that the suit was not in the name of the real party plaintiff, as it would but emphasize the fact that the *cestui que trust,* with knowledge of reconveyance of the trust estate, is satisfied therewith and only seeks to hold Mrs. Near under the contingent trust agreement.

The judgment in the circuit court is affirmed, with costs to defendants.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.